UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEFFREY K. SHORES**<br>    **LA. DOC #468594**<br>**VS.**<br><br>**SHERIFF STEVE PYLANT,**<br>**ET AL.** | **CIVIL ACTION NO. 3:11-cv-1303**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES**<br><br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Jeffrey K. Shores, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 5, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the East Carroll Detention Center; however, when he filed his complaint he was incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana. Plaintiff complains that he was denied prompt and appropriate medical care for injuries he sustained at the latter institution on June 25, 2011. Plaintiff sued Franklin Parish Sheriff Steve Pylant, FPDC Warden Chad Lee, Captain Gerald McMurray and Deputy Charles Johnson.  He demanded money damages for pain and suffering and a transfer to an LDOC facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

On June 25, 2011, at 10:00 a.m., plaintiff was involved in a fight with another inmate. Plaintiff sustained an injury to his arm which he described as a "... deep cut four inches across and

one inch deep." He was placed in holding cell 175. He asked defendants McMurray and Johnson to send him to the hospital but they refused and told him to "quit whining." At 5:00 p.m. on the same day, plaintiff slipped and fell and "split open" his forehead. According to plaintiff, the floor of this holding cell was wet because the toilet leaked and the wet floor caused plaintiff to slip and fall. Plaintiff also alleged that the walls of the cell were covered with feces, urine, and blood.

In his original complaint, plaintiff alleged that Deputy Parks notified the Warden and the Warden authorized plaintiff's transport to a physician. In the amended complaint he alleged that Captain McMurray authorized plaintiff's transportation to the E.A. Conway Hospital in Monroe. According to the amended complaint, plaintiff arrived at the hospital at 5:00 p.m.; his injuries were sutured and he was instructed to wash the wounds three times daily with "medical supplies" furnished by the physician. Plaintiff was then returned to holding cell 175 at FPDC.

According to plaintiff, "[d]ue to this unsanitary environment, the conditions of holding cell 175, and the denial of access to medical supplies and proper treatment by the defendants [Johnson and McMurray] plaintiff's wounds became seriously infected."

According to his original complaint, on June 28, 2011, plaintiff requested further medical attention and an unnamed nurse had plaintiff transported to Dr. Reed's office in Winnsboro where plaintiff was given 2 injections and other medication. According to the amended complaint, once the wounds became infected, "[a] week later plaintiff had to be transported to the Winnsboro Health Clinic for treatment of his severely infected wounds." Reed administered two injections and provided oral antibiotics to treat the infection. According to plaintiff, the improperly treated wounds "left serious scarring and caused the plaintiff serious pain, which all could have been avoided if proper action would have been taken by Deputy Johnson and or Captain McMurray."

As previously noted, plaintiff prayed for an unspecified amount of compensatory damages and an order transferring him "to the Department of Corrections."

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A and 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___

U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint set forth his claim and the basis for his cause of action; he has filed amended complaints and other pleadings which provide additional details and facts in support of his claims for relief. He need not be permitted further amendment because his claims – taken as true for the purposes of this report – fail to state a claim for which relief may be granted.

## *2. Medical Care*

Plaintiff is a convict who complains that he has been denied prompt and appropriate medical care by Captain McMurray and Deputy Johnson. When his claims arose, plaintiff was a convicted inmate in the custody of the Louisiana Department of Corrections. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based

upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Here, plaintiff does not allege that he was denied medical care; rather, he complains that appropriate care was delayed. A delay in providing medical care can violate the Eighth Amendment, but only if there has been deliberate indifference that results in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). In such cases, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal quotation marks and citation omitted). Thus, "mere negligence, neglect, or medical malpractice" cannot constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs*., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff suffered a four inch cut on his arm at 10:00 a.m. He apparently requested that he be taken to a hospital; however, his request was denied. Plaintiff did not allege what other care, if any, was provided. However, it does not appear from the pleadings that the four inch long and one inch deep wound was bleeding excessively because plaintiff provided no further description of the injury. Thereafter, approximately 7 hours later, he slipped and fell causing a cut to his forehead. Again, plaintiff did not describe the cut to his forehead other than to characterize the injury as having "split open" his forehead. Plaintiff was apparently taken to the hospital immediately after this fall because he claims that the injury and his transportation to the hospital both occurred at 5:00 p.m. Both of plaintiff's injuries were then treated – the cut on his arm within 7 hours of the injury and the cut on his forehead almost immediately following the injury. Clearly, the delay involved herein was not unreasonable and, based on the description of the original injury, the defendants were not indifferent to plaintiff's plight.

Once treated, plaintiff was instructed to wash the wounds at least three times daily. He claimed that unsanitary conditions and lack of access to "medical supplies" and "proper treatment" resulted in an infection. While plaintiff did allege that the conditions in his cell were unsanitary, he did not allege that he was prevented from cleaning his wounds on a regular basis. Nevertheless, once it appeared that the wounds were infected, he was taken to Dr. Reed – either within 3 days (June 28, 2011) of the date he received the injuries, or, "... a week later..." In any event, the infection was treated with antibiotics and, according to plaintiff, the only lasting effects of the incident was some "serious scarring."

In other words, plaintiff received two cuts on June 25 – one to his arm at 10:00 a.m., the other to his forehead at 5:00 p.m. Within minutes of receiving the second injury, he was taken to a hospital

6

where both wounds were treated. When infection was noted 3 days later, he was again taken to a physician for treatment. Plaintiff clearly has not established deliberate indifference on the part of any of the defendants.

In addition, while plaintiff has alleged (but not established ) fault on the part of McMurray and Johnson, he has alleged no fault whatsoever with regard to defendants Pylant and Lee. It appears that plaintiff has sued the Sheriff and Warden in their supervisory capacities. However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

### *Conclusion and Recommendation*

Plaintiff has alleged no fault on the part of defendants Pylant and Lee; his allegations of fault with respect to defendants McMurray and Johnson are insufficient to establish deliberate indifference and thus he has not established a violation of the Eighth Amendment. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, October 18, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE